UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                  Plaintiff,<br><br>- against -<br><br>RENDER MEDIA INC.<br><br>                  Defendant. | Docket No. 18-cv-9079 (LGS)<br><br>**DECLARATION OF<br>RICHARD LIEBOWITZ** |

I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Christopher Sadowski ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against Render Media Inc. ("Defendant") pursuant to Fed.R.Civ.P. 55(b); Local Rule 55.2(b); and Attachment A of the Court's Individual Rules of Practice in Civil Cases.

**(i)** *Why a Default Judgment is Appropriate, Including a Description of the Method and Date of Service of the Original Summons and Complaint*

3. Plaintiff's claims for copyright infringement under 17 U.S.C. § 501 involves Defendant's unlawful expropriation of Plaintiff's registered photograph of NYPD officers at a crime scene (the "Photograph").

4. On January 18, 2016, the New York Post ran an article that featured the Photograph entitled A Lot of pedestrians killed on NYC streets are drunk. See https://nypost.com/2016/01/18/a-lot-of-pedestrians-killedon-nyc-streets-are-drunk/.

5. On May 12, 2016, Defendant re-published the photograph on its website, www.opposingviews.com, without Plaintiff's authorization and without any attribution to Plaintiff.

6. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC,* No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

7. Here, the Photograph was initially published on January 18, 2016 and the effective date of copyright registration is March 31, 2016, within the three-month grace period to qualify for statutory damages plus attorneys' fees under 17 U.S.C. § 505.

8. The basis for entry of default is Defendant's failure to answer or otherwise file a response to the complaint. Defendant initially indicated that it would settle the case but then backed out of the deal. [Dkt. # 16]

9. On December 1, 2017, a copy of the summons and complaint was served on Defendant by hand and accepted by Stephanie Way, Operations Manager for Defendant. [Certificate of Service, Dkt. #18] The deadline to file an answer or responsive pleading was December 22, 2017.

**(ii)** *Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action*

10. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

**(iii)** *The proposed damages and the bases for each element of damages including interest, attorneys' fees, and costs*

11. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000 in civil penalties for willful copyright infringement.

12. Plaintiff also seeks $4550.00 in attorney's fees and $455.00 in costs pursuant to 17 U.S.C. § 505.

**Evidence in Support of Statutory Damages for Count I: Copyright Infringement**

13. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

14. Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined*

*to offer such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

15. Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

16. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

17. Further, a civil penalty of $30,000 is justified given that Defendant operates in the publishing industry and is therefore presumed to have knowledge of copyright law. *See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

**<u>Attorneys' Fees and Costs</u>**

18. Plaintiff seeks $4550 in attorneys' fees and $475 in costs under 17 U.S.C. § 505.

19. I am a founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos. I graduated from the Maurice A. Deane School of Law at Hofstra University in 2015 and have personally filed over 700 copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016 and have thereby developed an expertise in the field. My rate is $375/hr.

20. My hourly rate of $375 is "well below what other courts in this district have found as reasonable" for partners. *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y.

Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 14-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases approving partners' hourly rates of $400 to $735); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving hourly rates of $650 and $600 for partners specializing in intellectual property litigation); Diplomatic Man, 2009 WL 935674, at **5-6 (approving partners' hourly rate of $650); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2484 (PKC), 2007 WL 1989292, at *2, 4 (S.D.N.Y. July 6, 2007) (approving hourly rates greater than $500 for experienced copyright litigators).

**Statement of Fees**

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 11/20/17 | • Review case file in preparation for filing; conduct due diligence re: copyright registration | 1.5 | $562.50 |
| | • Draft and file complaint | 1.5 | $562.50 |
| 11/23/18 | • Process service of summons and complaint | 0.5 | $187.50 |
| 12/19/18 | • Draft and file letter motion for extension | 0.5 | $187.50 |
| 1/16/18 | • Engage in settlement discussions with defendant | 0.5 | $187.50 |
| 1/18/18 | • Draft and file letter motion to adjourn conference | 0.5 | $187.50 |
| 1/20/18 | • Engage in settlement discussions with defendant | 0.5 | $187.50 |
| 2/20/18 | • Engage in settlement discussions with defendant | 1.0 | $375.00 |
| 2/21/18 | • Draft letter re: dismissal | 0.5 | $187.50 |

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 3/26/18 | • Draft status letter; file affidavit of service; request entry of default | 1.5 | 562.50 |
| 11/27/18 | • Draft motion for default judgment, including attorney declaration | 3.5 | $1312.50 |
| **Total** | | 12.0 | **$4500.00** |

**COSTS**

| Date | Description | Total |
|---|---|---|
| 11/19/17 | Court filing fee | $400.00 |
| 12/2/17 | Personal service fee | $55.00 |
| **TOTAL** | - | **$455.00** |

**(iv)** *Legal Authority For Why An Inquest Would be Unnecessary*

21. As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

22. Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does not require proof of actual damages or infringers' profits. *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000)

(statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

23. Moreover, in the last two years, Courts in this District have routinely awarded $30,000 in statutory damages for a single image without holding an inquest and without proof of actual damages. *See, e.g., Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP), dated 5/24/18 (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR), dated 5/2/18 (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF), dated 4/24/18 (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS), dated 3/28/18 (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.*, 17-cv-09232-JSR, dated 1/8/18 (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR), dated 12/13/17 (awarding "$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA), dated 10/11/16 (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). True and correct copies of the orders cited in this paragraph are attached hereto as <u>Exhibit A</u>.

24. No part of the Judgment sought has been paid, other than as indicated in the present motion.

25. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the initiating complaint plus exhibits.

26. Attached hereto as <u>Exhibit C</u> is a copy of the affidavit of service of the summons and complaint.

27. Attached hereto as <u>Exhibit D</u> is the Certificate of Default from the Clerk of Court.

28. Attached hereto as <u>Exhibit E</u> is a Proposed Default Judgment.

Dated: November 28, 2018
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Christopher Sadowski*