# EXHIBIT A

Case 1:17-cv-09045-PGG-JLC   Document 30-1   Filed 01/21/19   Page 2 of 20
Case 1:16-cv-02744-RA   Document 24   Filed 10/12/16   Page 1 of 2
Case 1:16-cv-02744-RA   Document 22   Filed 09/19/16   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GARY MILLER

                     *Plaintiff*,

vs.

ALLHIPHOP.COM LLC

                     *Defendant.*

------------------------------------------------------------x

: Index No. 16-cv-02744-(RA)

: ECF Case

: ~~PROPOSED~~ DEFAULT
: JUDGEMENT

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 2016

RONNIE ABRAMS, United States District Judge:

      Plaintiff filed the Complaint in this action on April 12, 2016. On April 14, 2016, the Defendant was served a Summons, Civil Cover Sheet and Complaint through the New York Secretary of State. Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to answer by May 5, 2016. On July 11, 2016, the Plaintiff moved for a Certificate of Default from the Clerk of Court, followed by a Motion for Default and a hearing on Order to Show Cause. The Clerk of Court entered default on July 15, 2016, and a hearing was held on October 4, 2016. The Defendant having failed to timely appear and defend itself against the allegations contained in the Complaint is hereby:

      ORDERED that Plaintiff's Motion for Default Judgment is GRANTED; it is

      FURTHER ORDERED that the Defendant violated Section 501 et al. of the

        Copyright Act;

      FURTHER ORDERED that Defendant shall pay $30,000 in civil penalties for

        willful copyright infringement; it is

Case 1:17-cv-09045-PGG-JLC   Document 30-1   Filed 01/21/19   Page 3 of 20
Case 1:16-cv-02744-RA   Document 24   Filed 10/12/16   Page 2 of 2
Case 1:16-cv-02744-RA   Document 22   Filed 09/19/16   Page 2 of 2

FURTHER ORDERED that Defendant shall pay $8,000 in Plaintiff's attorney's fees and costs; and it is

FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court.

SO ORDERED.

Dated: September 11, 2016
New York, NY

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JACKSON LEE,

    Plaintiff,

      -v-

WHITE CAT MEDIA,

    Defendant.
------------------------------------x

17-cv-8122 (JSR)

FINAL JUDGMENT

JED S. RAKOFF, U.S.D.J.

This action having been commenced on October 22, 2017, defendant having been served with a copy of the Summons and Complaint on November 9, 2017, proof of service having been filed on December 5, 2017, no defendant having answered the complaint, and the time for answering the complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against defendant in the amount of $30,000 as damages for defendant's infringement of plaintiff's trademark in violation of 17 U.S.C. §501 et seq.

    SO ORDERED

Dated:  New York, NY
        December 12, 2017

JED S. RAKOFF, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANGEL CHEVRESTT,

                *Plaintiff,*      : Index No. 17-cv-09232-JSR

vs.      : ECF Case

CRAFT NATION INC.      : PROPOSED ORDER OF
     : DEFAULT JUDGMENT

                *Defendant..*
------------------------------------------------------------x

JED S. RAKOFF, United States District Judge, says:

      Plaintiff filed the Complaint in this action on November 23, 2017. On December 4, 2017, Defendant was served a Summons, Civil Cover Sheet and Complaint at its place of business where Una Reilly was authorized to accept process. Pursuant to Fed. R. Civ. P. 12, an answer or a response to the Complaint was due on or before December 26, 2017. Defendant failed to timely answer or otherwise respond to the Complaint and, on December 29, 2017, the Clerk of Court entered a Certificate of Default. On January 2, 2018, Plaintiff filed a Motion for Default Judgment. The Defendant, having failed to timely appear and defend itself against the allegations contained in the Complaint is hereby:

      ORDERED that Plaintiff's Motion for Default Judgment is GRANTED;

      FURTHER ORDERED that the Defendant violated Sections 106 and 501 of the Copyright Act;

      FURTHER ORDERED that Defendant shall pay $30,000 in civil penalties for each instance of willful copyright infringement;

FURTHER ORDERED that Defendant shall pay $4,300 in Plaintiff's attorney's fees and costs; and

FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court.

SO ORDERED.

Dated:

_____1/5____, 2018
New York, New York

_____
Jed S. Rakoff
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-18
```

NEIL ZLOZOWER,

                      Plaintiff,

- against -

RUKKUS, INC.

                      Defendant.

Docket No. 17-cv-9510 (RWS)

## [PROPOSED] ORDER AND DEFAULT JUDGMENT

ROBERT W. SWEET, United States District Judge:

       This matter came before the Court on plaintiff Neil Zlozower ("Plaintiff")'s motion for entry of a default judgment against defendant Rukkus, Inc. ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

       1.     Plaintiff's complaint, an original summons and all attachments thereto were served on Defendant on December 12, 2017. An affidavit of service was filed with the Court on January 10, 2018.

       2.     On February 9, 2018, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

       3.     Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4. Plaintiff filed his motion for entry of default judgment on February 28, 2018. Plaintiff seeks: (1) $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501(c); (2) $4500.00 in attorneys' fees pursuant to 17 U.S.C. § 505; and (3) $500 in costs; including interest.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's Motion for Entry of Default Judgment is GRANTED; it is

**FURTHER ORDERED** that the Court DECLARES that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work; it is

**FURTHER ORDERED** that Defendant shall pay $30,000 in statutory damages; it is

**FURTHER ORDERED** that Defendant shall pay $4500.00 in attorneys' fees and $500.00 in costs, including interest; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

**FURTHER ORDERED** that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court. This is a final appealable order. See FED. R. APP. P. 4(a).

Dated: March 26 2018

SO ORDERED.

_____
Robert W. Sweet (U.S.D.J.)

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------X<br>JOSEPH MARZULLO,<br><br>                                  Plaintiff,<br><br>                  v.<br><br>KARMIC RELEASE LTD.,<br><br>                                 Defendant.<br>------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: April 24, 2018<br><br>17 Civ. 7482 (KPF)<br><br><u>ORDER GRANTING<br>APPLICATION<br>FOR DEFAULT<br>JUDGMENT</u> |

KATHERINE POLK FAILLA, District Judge:

    Plaintiff filed this copyright infringement case on September 29, 2017 (Dkt. #1), and Defendant was served on November 14, 2017 (Dkt. #9). On February 23, 2018, after Defendant failed to appear and on Plaintiff's request, the Court issued an Order to Show Cause for Default Judgment. (Dkt. #14). The Court held a hearing on the application for default judgment on April 17, 2018; at the hearing, the Court stated that it would grant the application and award statutory damages for the alleged copyright infringement, but requested that Plaintiff's Counsel provide an accounting for the purposes of reviewing a request for an award of attorneys' fees and costs. On April 20, 2018, in compliance with the Court's request, Plaintiff's Counsel provided such accounting. (Dkt. #16-7). For the reasons stated on the record at the April 17, 2018 hearing, Plaintiff's motion for default judgment is GRANTED. It is ORDERED that Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in

civil penalties for copyright infringement.  The Court now proceeds to consider Plaintiff's application for attorneys' fees and costs.

## DISCUSSION

The Copyright Act bestows discretion on district courts to award costs, including reasonable attorneys' fees, to a prevailing party.  See 17 U.S.C. § 505.  As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010))).[1]  The party seeking fees bears the burden of showing that its requested fees are reasonable, see Blum v. Stenson, 465 U.S. 886, 897 (1984), and must provide the Court with sufficient information to assess the fee application, N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

The Court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." Arbor Hill, 522 F.3d at 189.  The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190.  When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within a

---

[1] The Court's concerns about the Arbor Hill decision were laid out in Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511, 516 n.2 (S.D.N.Y. 2015).

2

court's discretion to reduce the requested rate. *See Savino* v. *Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). Once a court has determined the appropriate hourly rate, it must examine the reasonability of hours billed, and "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

In addition to the lodestar amount, attorneys' fees may include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted). These expenses, or "costs," may include photocopying, travel, telephone costs, and postage, *Kuzma* v. *Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987), as well as filing fees and reasonable process server fees, *Rosendo* v. *Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).

Here, Plaintiff's Counsel requests $5,000 in attorneys' fees and costs, based on an invoice substantiating $4,480 in fees and $500 in costs. Although the Court accepts Counsel's billing statement as it relates to the costs of prosecuting this action, for several reasons, the Court shall reduce the amount of fees awarded.

First, Counsel provides no information regarding the experience levels of the attorneys who worked on this matter, thus leaving the Court without information that is crucial to assess properly the reasonableness of the fee request. Moreover, the invoice indicates that it is only for worked performed by

3

Attorney Richard P. Liebowitz, who is the principal of Counsel's firm. (*See* Dkt. #16-7). Yet all of the Court's interactions with Plaintiff's Counsel — including at the default judgment hearing — have been with Attorney Yekaterina Tsyvkin; the Court may only assume that Yekaterina is more junior than Liebowitz, and Counsel has provided no information suggesting the contrary.

Second, Counsel has applied a uniform billing rate of $350 per hour to any work performed on this case. The Court is unable to assess the reasonableness of this rate because it is unaware of the experience level of any attorney who has worked on the matter. *Cf. Broad. Music, Inc.* v. *Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 201–02 (S.D.N.Y. 2016) (approving of discounted hourly rate of $358.05 in copyright case in light of attorney's "seven years of experience and the considerable responsibility he assumed"). Moreover, even assuming that Mr. Liebowitz performed billable work on this matter, the proffered hourly rate would, at best, constitute a "blended hourly rate," meaning an average of the billing rates of attorneys of varying experience and skill levels. *See Figueroa ex rel. Havre* v. *Savanar Rest., Inc.*, 182 F. Supp. 2d 339, 341 (S.D.N.Y. 2002). But because the invoice does not distinguish between and among the attorneys who billed on this matter, the Court cannot determine whether the proffered hourly rate skews more toward the rate of an attorney of greater or lesser skill and experience. *Cf. Pig Newton, Inc.* v. *The Boards of Directors of The Motion Picture Indus. Pension Plan*, No. 13 Civ. 7312 (KPF), 2016 WL 796840, at *5 (S.D.N.Y. Feb. 24, 2016) (awarding fees based on

4

blended rate where record made clear that senior partners performed majority of work).

Third and finally, Counsel applied the same $350 billing rate toward less-skilled work, such as filing documents and effecting service. "A court has discretion to make across-the-board percentage reductions to exclude unreasonable hours" such as those expended on "administrative tasks." *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), *aff'd sub nom. E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 487 F. App'x 619 (2d Cir. 2012) (summary order).

Given the above issues with Counsel's fee application, the Court will impose a 15% reduction of the attorneys' fees presented in Counsel's invoice. This results in an award of $3,808 in attorneys' fees, and along with $500 in costs, amounts to a total award of attorneys' fees and costs of $4,308.

## CONCLUSION

For the reasons set forth above, Plaintiff is entitled to relief on his claims for copyright infringement and attorneys' fees and costs. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth damages for copyright infringement in the amount of $30,000, along with attorneys' fees in the amount of $3,808 and costs in the amount of $500.

SO ORDERED.

Dated: April 24, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

Caron Myers,

                 *Plaintiff,*

vs.

COED Media Group, LLC.

                 *Defendant.*

------------------------------------------------------------x

: Index No. 18-cv-2180-JSR
:
: ECF Case
:
: **PROPOSED ORDER OF**
: **DEFAULT JUDGMENT**

JED S. RAKOFF, United States District Judge, says:

       Plaintiff filed the Complaint in this action on March 12, 2108. On March 16, 2018, Defendant was served a Summons, Civil Cover Sheet and Complaint at its place of business where Dennis M. was authorized to accept process. Pursuant to Fed. R. Civ. P. 12, an answer or a response to the Complaint was due on or before April 6, 2018. Defendant failed to timely answer or otherwise respond to the Complaint and, on April 30, 2018, the Clerk of Court entered a Certificate of Default. On April 30, 2018, Plaintiff filed a Motion for Default Judgment. The Defendant, having failed to timely appear and defend itself against the allegations contained in the Complaint is hereby:

       ORDERED that Plaintiff's Motion for Default Judgment is GRANTED;

       FURTHER ORDERED that the Defendant violated Sections 106 and 501of the Copyright Act;

       FURTHER ORDERED that Defendant shall pay $60,000 in civil penalties, representing $30,000 for each instance of willful copyright infringement;

FURTHER ORDERED that Defendant shall pay $2,550.00 in Plaintiff's attorney's fees and costs; and

FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court.

SO ORDERED.

Dated:

_____5/11_____, 2018
New York, New York

*Jed S. Rakoff*
Jed S. Rakoff
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>                                  Plaintiff,<br><br>   - against -<br><br>SUTTON NEW MEDIA LLC<br><br>                                  Defendant. | Docket No. 17-cv-8332(WHP) |

## ORDER AND DEFAULT JUDGMENT

WILLIAM H. PAULEY III, UNITED STATES DISTRICT JUDGE:

       This matter came before the Court on plaintiff John Curtis Rice ("Plaintiff")'s motion for entry of a default judgment against defendant Sutton New Media LLC ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

       1.     Plaintiff's complaint, an original summons and all attachments thereto were served on Defendant on October 29, 2017. An affidavit of service was filed with the Court on January 10, 2018.

       2.     On February 9, 2018, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

       3.     Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4. Plaintiff applied for entry of default judgment on March 19, 2018. Plaintiff seeks: (1) $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501(c); (2) $4480.00 in attorneys' fees pursuant to 17 U.S.C. § 505; and (3) $500.00 in costs; including interest.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's Motion for Entry of Default Judgment is GRANTED; it is

**FURTHER ORDERED** that the Court DECLARES that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work; it is

**FURTHER ORDERED** that Defendant shall pay $30,000 in statutory damages; it is

**FURTHER ORDERED** that Defendant shall pay $4480.00 in attorneys' fees and $500 in costs, including interest; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

**FURTHER ORDERED** that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court. This is a final appealable order. See FED. R. APP. P. 4(a).

Dated: May 24, 2018

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOE MYERESS,
                     Plaintiff,

               17 CIV 9691 (KPF)

        -against-             **DEFAULT JUDGMENT**

BRISSI GROUP, LLC,
                     Defendant.
-------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED, AND DECREED**, That pursuant to the Court's Order dated June 21, 2018, Plaintiffs' motion for a default judgment is granted; Defendant has violated (i) 17 U.S.C. § 501, for which it shall pay $30,000 in civil penalties for copyright infringement, and (ii) 17 U.S.C. § 1202(b), for which is shall pay $10,000 in civil penalties for improper removal of copyright management information, along with attorneys' fees in the amount of $4,175.64 and costs in the amount of $562.70.

**DATED**: New York, New York
            June 25, 2018

                                             **RUBY J. KRAJICK**
                                             **Clerk of Court**
                                     **BY**: _____
                                             **Deputy Clerk**

                                           THIS DOCUMENT WAS ENTERED
                                           ON THE DOCKET ON 6/25/2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

Caron Myers,

            *Plaintiff*, : Index No. 18-cv-2180-JSR

vs. : ECF Case

COED Media Group, LLC. : **PROPOSED ORDER OF**
: **DEFAULT JUDGMENT**

            *Defendant.* :
------------------------------------------------------------x

JED S. RAKOFF, United States District Judge, says:

    Plaintiff filed the Complaint in this action on March 12, 2108. On March 16, 2018, Defendant was served a Summons, Civil Cover Sheet and Complaint at its place of business where Dennis M. was authorized to accept process. Pursuant to Fed. R. Civ. P. 12, an answer or a response to the Complaint was due on or before April 6, 2018. Defendant failed to timely answer or otherwise respond to the Complaint and, on April 30, 2018, the Clerk of Court entered a Certificate of Default. On April 30, 2018, Plaintiff filed a Motion for Default Judgment. The Defendant, having failed to timely appear and defend itself against the allegations contained in the Complaint is hereby:

    ORDERED that Plaintiff's Motion for Default Judgment is GRANTED;

    FURTHER ORDERED that the Defendant violated Sections 106 and 501 of the Copyright Act;

    FURTHER ORDERED that Defendant shall pay $60,000 in civil penalties, representing $30,000 for each instance of willful copyright infringement;

Case 1:17-cv-09045-PGG-JLC Document 30-1 Filed 01/23/19 Page 20 of 20
Case 1:18-cv-02180-JSR Document 15-1 Filed 05/02/18 Page 2 of 2
Case 1:18-cv-02180-JSR Document 13-2 Filed 04/30/18 Page 2 of 2

FURTHER ORDERED that Defendant shall pay $2,550.00 in Plaintiff's attorney's fees and costs; and

FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court.

SO ORDERED.

Dated:

_5/11/_, 2018
New York, New York

_____
Jed S. Rakoff
United States District Judge