USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/8/2019__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER SADOWSKI,             :
                                  :
              Plaintiff,         :     **SCHEDULING ORDER FOR**
                                  :     **DAMAGES INQUEST**
  -v.-                             :
                                  :     17-CV-9045 (PGG) (JLC)
RENDER MEDIA INC.,                :
                                  :
              Defendant.         :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

On February 20, 2019, Judge Gardephe granted a default judgment against defendant (Dkt. No. 33) and on November 7, 2019 referred this case to me to conduct an inquest into damages (Dkt. No. 34). The Court hereby directs plaintiff to make any additional submissions related to the inquest by **November 22, 2019**. In particular, the Court directs plaintiff's counsel to provide his year of admission to the bar and cite to authority in support of his request for a $375 hourly rate. Dkt. No. 30 ¶ 20.[1] *Cf. Whitehead v. Mix Unit, LLC,* No. 17-CV-9476 (VSB) (JLC), 2019 WL 384446, at *1 (S.D.N.Y. Jan. 31, 2019) (awarding $350 rate), *adopted by* 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019). In addition, plaintiff should provide any documentation he has in support of his costs. *See, e.g., Sanchez v. Jyp Foods Inc.*, No. 16-CV-4472 (JLC), 2018 WL 4502008 (S.D.N.Y. Sept. 20, 2018) (without adequate substantiation, a party is not entitled to recover costs).

---

[1] In his declaration filed on January 21, 2019, counsel has provided the year he graduated law school but not his date of admission to the bar. Dkt. No. 30 ¶ 19.

Plaintiff shall file proof of service of his additional submissions, and include with his submissions a copy of this Order. Defendant shall submit its response to plaintiff's submissions no later than **December 6, 2019**. The Court will consider the matter fully submitted as of December 6, 2019.

Finally, the Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

Dated: November 8, 2019
   New York, New York

JAMES L. COTT
United States Magistrate Judge