```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/10/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTOPHER SADOWSKI,

                Plaintiff,

    -against-

RENDER MEDIA INC.,

                Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-CV-9045 (PGG) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul G. Gardephe, United States District Judge:**

      Plaintiff Christopher Sadowski filed this copyright infringement suit against defendant Render Media Inc. alleging unauthorized reproduction and public display of one of his photographs on its website.  After Render Media failed to answer the complaint or otherwise appear in this action, the court entered a default judgment and referred the case to me for an inquest into damages.  For the reasons set forth below, I recommend that the court award Sadowski (1) $25,000 in statutory damages for copyright infringement, (2) $2,625 in attorney's fees, and (3) $517 in costs.

## I. BACKGROUND

      In light of the default of defendant Render Media, Inc. ("Render"), the Court accepts as true all well-pleaded factual allegations included in Sadowski's complaint, except as to damages.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a

1

defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting *Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Sadowski is a professional photographer with a business in Hawthorne, New Jersey, who "licens[es] his photographs to online and print media for a fee." Complaint dated November 20, 2017 ("Compl."), Dkt. No. 1, ¶ 5. Render is a foreign business corporation organized under the laws of California with its principal place of business in Los Angeles, California. *Id.* ¶ 6. Sadowski photographed a crime scene (the "Photograph"), *see* Dkt. No. 1-1, Exh. A, registered the Photograph with the United States Copyright Office, and was assigned Copyright Registration Number VA 2-000-106. Compl. ¶¶ 8–9. Without Sadowski's permission, Render published the Photograph on its website, www.OpposingViews.com, on or about May 12, 2016. *Id.* ¶¶ 6, 10–11; Dkt. No. 1-2, Exh. B.

On November 20, 2017, Sadowski commenced this copyright infringement action under Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. Compl. ¶ 14. The summons and complaint were served on Render on December 2, 2017, and proof of service was filed with the court on March 26, 2018. Dkt. No. 18. Between December 19, 2017 and January 23, 2018, while the parties were engaged in efforts to resolve the matter, Sadowski filed two requests for extensions of time for Render to respond to the complaint and one additional request to adjourn the initial conference. Dkt. Nos. 6, 8–9. Each of the requests was granted. Dkt. Nos. 7, 10–12. On February 21, 2018, Sadowski informed the court that the parties had

reached a settlement in principle, and the court issued a conditional order of dismissal on February 26, 2018. Dkt. No. 13–14. Less than 30 days later, on March 14, 2018, Sadowski filed a letter requesting that the court reopen the case because he had learned that Render did not intend to sign the agreement and was in fact going out of business. Dkt. No. 16. That application was granted on March 26, 2018. Dkt. No. 17.

After Render failed to answer or otherwise respond to the complaint, Sadowski obtained a certificate of default from the Clerk of Court on December 4, 2018. Dkt. No. 22. By order dated December 6, 2018, the court directed Render to show cause at a hearing on January 7, 2019 why an order of default should not be issued, and further directed Sadowski to serve upon Render a copy of the order by December 10, 2018. Dkt. No. 23. On December 26, Sadowski requested an adjournment of the hearing because service was not timely effectuated. Dkt. No. 25. The court issued a modified order directing Sadowski to serve a copy of the court's order, along with any supporting affidavits and exhibits, upon Render by January 3, 2019, and rescheduling the conference for January 24, 2019. Dkt. No. 27. Sadowski timely served Render and on January 21 submitted a declaration from his counsel with attached exhibits in support of a default judgment. Dkt. Nos. 28–29; *see* Declaration of Richard P. Liebowitz dated November 28, 2018 ("Liebowitz Decl."), Dkt. No. 30. Render failed to respond or appear at the January 24, 2019 hearing and therefore the court entered a default judgment against it on February 20, 2019. Dkt. No. 33.

After the court referred this matter to me for an inquest into damages on November 7, 2019, I issued an order the following day directing Sadowski to file any additional submissions for the inquest by November 22, 2019. Dkt. Nos. 34–35. I specifically directed Sadowski's counsel to cite authority in support of his $375 hourly rate and provide his year of admission to the bar. Dkt. No. 35. On November 22, 2019, Sadowski filed supplemental documentation, including a second declaration with attached exhibits in support of his request for attorney's fees. *See* Second Declaration of Richard P. Liebowitz dated November 22, 2018 ("Liebowitz Supp. Decl."), Dkt. No. 36. Sadowski seeks $30,000 in statutory damages, $4,550 in attorney's fees, and $517 in costs. Liebowitz Decl. ¶¶ 11–21; Liebowitz Supp. Decl. ¶ 6. Render did not respond to Sadowski's submissions.

## II. DISCUSSION

### A. Default Judgment and Liability

"A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). "While a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015) (citing *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). "The district court must instead conduct an inquiry in order to ascertain the

amount of damages with reasonable certainty." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)), *adopted by* 2016 WL 4532201 (Aug. 29, 2016).

A plaintiff "bears the burden of establishing [his] entitlement to recovery and thus must substantiate [his] claim with evidence to prove the extent of damages." *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012)). "To establish damages upon default, a plaintiff must demonstrate that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *Am. Jewish Comm.*, 2016 WL 3365313, at *3 (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). "In determining damages not susceptible to simple mathematical calculation, Federal Rule of Civil Procedure 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence." *Id*. at *4. (internal citation omitted). An evidentiary hearing is not necessary when the documents submitted provide a "sufficient basis from which to evaluate the fairness of" the damages requested. *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Render, by virtue of its default, has conceded liability as to the allegations set forth in the complaint, which adequately pleaded a valid cause of action. *See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (defaulting defendant's liability depends on whether "allegations are

5

sufficient to state a cause of action"). "To prevail on a claim of copyright infringement, a plaintiff must show both ownership of a valid copyright and copying" of a protected work without authorization. *Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc.*, 668 F.2d 699, 702 (2d Cir. 1982) (citation omitted); *accord Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) (citing 17 U.S.C. § 501(b)). Here, having adequately alleged his ownership of a valid copyright and Render's unauthorized use of it, Sadowski has established Render's liability as a matter of law. Compl. ¶¶ 8–11; Dkt. Nos. 1-1, 1-2 (Exhs. A and B).[1]

Therefore, the only remaining issue is whether Sadowski has provided adequate support for his request for damages. I find that Sadowski's submissions form a "sufficient basis from which to evaluate the fairness" of his request for damages, and thus, a hearing is unnecessary. *Fustok*, 873 F.2d at 40.

**B.    Statutory Damages**

    **1.    Legal Standards**

Under Section 504 of the Copyright Act, a copyright owner is entitled either to actual damages caused by an infringement, in addition to any profits gained by

---

[1] While the attachment of a copyright certificate of registration of the Photograph to the complaint would have been preferable, I find the copyright registration number identified in the complaint to be sufficient because it corresponds with a relevant entry in the United States Copyright Office's Public Catalog. *Public Catalog Search*, The United States Copyright Office, https://cocatalog.loc.gov/cgibin/Pwebrecon.cgi?SAB1=VA0002000106&BOOL1= all+of+these&FLD1=Keyword+Anywhere+%28GKEY%29+%28GKEY %29&GRP1=OR+with+next+set&SAB2=&BOOL2=as+a+phrase&FLD2=Keyword+Anywhere+%28GKEY%29+%28GKEY%29&PID=NPSFVEU3_-mIzg2GZV6wotCZFWHm&SEQ=20200211194300&CNT=25&HIST=1 (last visited March 9, 2020).

an infringer, or statutory damages. 17 U.S.C. § 504(a). A copyright owner may elect to recover an award for statutory damages instead of actual damages in the amount "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In cases of willful infringement, the court has the discretion to increase the award up to $150,000 per work. 17 U.S.C. § 504(c)(2).

"Statutory damages are 'available without proof of plaintiff's actual damages,' and are useful in cases 'where proof of actual damages or profits is insufficient.'" *EMI April Music Inc. v. 4MM Games, LLC*, No. 12-CV-2080 (DLC) (JLC), 2014 WL 325933, at *3 (S.D.N.Y. Jan. 13, 2014) (quoting *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-CV-5456 (KMW) (AJP), 2013 WL 174226, at *2 (S.D.N.Y. Jan. 17, 2013) (internal citations omitted), *adopted by* 2013 WL 1234911 (Mar 26, 2013)), *adopted by* 2014 WL 1383468 (Apr. 7, 2014). "The Copyright Act affords [a] court 'wide discretion' in setting the amount of statutory damages." *Myeress v. Elite Travel Group USA,* No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (quoting *Fitzgerald Publ'g. Co. v. Baylor Publ'g. Co., Inc.,* 807 F.2d 1110, 1116 (2d Cir. 1986)). However, when a defendant has acted willfully, a court should consider incorporating both a compensatory and punitive component to "discourage further wrongdoing by the defendants and others." *CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), *adopted b*y 2012 WL 4714820 (Oct. 3, 2012). To determine an appropriate amount of statutory damages, courts in this Circuit consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Myeress*, 2018 WL 5961424, at *3 (quoting *Bryant v. Media Right Productions*, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted)).

### 2.  Application

Sadowski seeks $30,000 in statutory damages under 17 U.S.C. § 504(c)(1). Liebowitz Decl. ¶ 13.  In light of Render's default, it is impossible for the Court to ascertain the expenses saved by Render or the profits reaped (factor two), and by extension, the revenues that Sadowski lost (factor three) as a result of Render's infringement, as well as the value of the infringing material (factor five).  However, as discussed below, the Court can infer Render's state of mind from its default (factor one) and evaluate factors such as the deterrent effect on Render and third parties (factor four), and Render's conduct (factor six).

Although Sadowski seeks damages under 17 U.S.C. § 504(c)(1) (which provides for statutory damages in copyright cases generally) rather than 17 U.S.C § 501(c)(2) (which permits a higher maximum amount of damages in cases of willful infringement), the Court may still find that Render's conduct (factors one and six) was willful by virtue of its default, and evaluate it as a factor in determining the amount of the award.  *See, e.g., Rovio Entm't*, 97 F. Supp. 3d at 546 ("[C]opyright infringement is deemed willful by virtue of a defendant's default") (citing *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621–22 (S.D.N.Y.

8

2011)); *Tokar v. 8 Whispering Fields Associates, Ltd.*, No. 08-CV-4573 (ADS) (ARL), 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011) ("[W]hile plaintiff does not seek a willfulness enhancement, it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range"), *adopted by* 2012 WL 688468 (Mar. 2, 2012).

Additionally, a desired deterrent effect (factor four) on Render and other potential infringing parties warrants a significant award. *See, e.g., CJ Prods. LLC*, 2012 WL 2856068 at *3 ("the goal of deterring similar conduct by other enterprises requires a substantial award"); *Arista Records LLC v. Usenet.com, Inc.*, No. 07-CV-8822 (HB) (THK), 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010) ("the Court must consider the deterrent effect on both other potential infringers as well [as] Defendants themselves"), *adopted by* 2010 WL 3629587 (Sept. 16, 2010). Accordingly, the Court's evaluation of these three factors strongly weighs in favor of awarding significant statutory damages to Sadowski.

While some courts in this District have granted in full a plaintiff's request for statutory damages in similar copyright infringement cases where a defendant had defaulted, such cases typically include facts demonstrating that the defendant continued its infringing conduct despite receiving notices to end such activity. *See, e.g., McCurry v. Accessory Network Grp., LLC*, No. 15-CV-9779 (PGG) (KNF), 2016 WL 11620045, at *4 (S.D.N.Y. Oct. 5, 2016) (granted plaintiff's request for $150,000 in statutory damages where defendant continued to display photograph after having received cease and desist letters), *adopted by* 2019 WL 4142491 (Aug. 30,

9

2019); *Lucerne Textiles, Inc.*, 2013 WL 174226, at *3 (granted plaintiff's request for $30,000 in statutory damages in copyright case where defendant defaulted and plaintiff had sent cease and desist letters prior to lawsuit); *Hounddog Productions, L.L.C. v. Empire Film Group, Inc.*, 826 F. Supp. 2d 619, 631–32 (S.D.N.Y. 2011) (granted plaintiff's request for $150,000 in statutory damages in copyright case where defendant received notice it no longer had authorization to use copyright prior to lawsuit). Here, Sadowski has not pleaded such facts. Accordingly, I recommend an award of $25,000 (instead of the requested $30,000) in statutory damages for copyright infringement. *See, e.g.*, *Whitehead v. Mix Unit, LLC*, No. 17-CV-9476 (VSB)(JLC), 2019 WL 384446 (S.D.N.Y. Jan. 31, 2019) *adopted by* 2019 WL 1746007 (Apr. 18, 2019) (awarded $25,000 in statutory damages for copyright infringement where defendant defaulted; court distinguished case from others where higher statutory damages awarded when defendant continued infringement despite receiving notices); *Hollander Glass Texas, Inc. v. Rosen–Paramount Glass Co., Inc.*, 291 F. Supp. 3d 554, 560 (S.D.N.Y. 2018) (same) (collecting cases), *adopted by* No. 17-CV-2105 (VSB) (GWG), 2019 WL 416327 (Feb. 1, 2019); *but see Sadowski v. Roser Commc'ns Network, Inc.*, No. 6:19-CV-592, 2020 WL 360815, at *3 (N.D.N.Y. Jan. 22, 2020) (awarded $3,750 in statutory damages).

**C.     Attorney's Fees & Costs**

    **1.     Legal Standards**

A prevailing party in a copyright infringement action may recover full costs, including reasonable attorney's fees. 17 U.S.C. § 505. "The Supreme Court has

10

made clear that attorneys' fees in copyright actions are not automatic to the prevailing party. . . . '[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Lucerne Textiles, Inc.*, 2013 WL 174226, at *4 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "When determining whether to award attorney[']s fees [under 17 U.S.C. § 505], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144 (citations omitted). "The third factor—objective unreasonableness—should be given substantial weight." *Id.*

Inquiry into the reasonableness of attorney's fees centers on the lodestar, or "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar creates "presumptively reasonable fee") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

Courts gauge whether an hourly rate is reasonable by comparing it to prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The court looks to the prevailing community's rates in the district in which it sits, and rates should be "current rather than historical." *Reiter v. MTA New York City Transit Auth.*, 457

11

F.3d 224, 232 (2d Cir. 2006) (quoting *Gierlinger*, 160 F.3d at 882 (internal quotation marks omitted)).  To determine whether the number of hours billed is reasonable, the court should consider if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  Moreover, a court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively."  *Arbor Hill*, 522 F.3d at 184.  "The party seeking attorney's fees must submit records that enable the [c]ourt to determine whether the fee sought is reasonable."  *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *6 (S.D.N.Y. Aug. 3, 2018*)* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)), *adopted* by 2018 WL 4759768 (Oct. 1, 2018).  To that end, contemporaneous time records documenting the "date, hours expended, and the nature of the work done" are critical.  *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Courts have broad discretion in determining the award of fees.  *Hensley*, 461 U.S. at 437.

**2.     Application**

By virtue of Render's default, there are no claims or defenses for the Court to assess—leaving only compensation and deterrence as factors for the Court to consider in determining whether to award attorney's fees.  Other courts have found that compensation, including attorney's fees and costs, are appropriate where a defendant has defaulted.  *See, e.g., McCurry*, 2016 WL 11620045, at *6 (granted attorney's fees and costs where defendant defaulted in copyright infringement case).

12

In addition, awarding attorney's fees to Sadowski will further serve the goal of deterrence by discouraging Render and similar companies from infringing copyrights in the future. Thus, awarding reasonable attorney's fees and costs in this matter is appropriate.

Sadowski seeks $4,550 in attorney's fees (12 hours of work at a $375 hourly rate) and $517 in costs pursuant to 17 U.S.C. § 505 ($400 for filing the case, $55 for service of the complaint, and $62 for service of default papers).[2] Liebowitz Decl. ¶¶ 12, 18–20; Liebowitz Supp. Decl. ¶ 6; Dkt. No. 36-2 (Exh. B).[3] Richard Liebowitz, Esq., Sadowski's counsel, is a founding member and managing partner at Liebowitz Law Firm, PLLC. Liebowitz Decl. ¶ 19. He was admitted to the New York bar on August 19, 2015. Liebowitz Supp. Decl. ¶ 3. In support of his request for a $375 hourly rate, Liebowitz cites a number of cases involving attorneys with many more years of experience than he has. Liebowitz Decl. ¶ 20.[4] However,

---

[2] In paragraph 18 of his declaration, Liebowitz seeks $4,550 in fees. However, his statement of fees in paragraph 20 correctly calculates that $375 times 12 hours is $4,500, not $4,550.

[3] Although Liebowitz requests $475 in costs in paragraph 18 of his declaration, that figure appears to be in error, given that the court filing fee and personal service fee provided in the table in the declaration amount to $455 in costs. Liebowitz Decl. ¶ 20 ("Costs"). Moreover, in his supplemental materials, Liebowitz provides receipts for the same, totaling $455. Dkt. No. 36-2 (Exh. B). The supplemental Liebowitz declaration adds an additional $62 service fee for the default papers. Liebowitz Supp. Decl. ¶ 6.

[4] *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13-CV-2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) (collected cases include one in which partner with 24 years of experience granted $540 hourly rate and in another in which partner with 16 years of experience is granted $485 hourly rate).

Liebowitz, who has less than five years of experience in a law firm that has "operated for only four years, beginning in January 2016," *see, e.g., Sadowski v. Roser Commc'ns Network, Inc.*, 2020 WL 360815, at *5, is hardly an experienced law firm partner. Moreover, despite being specifically directed to submit authority in support of his request for a $375 hourly rate, Liebowitz reproduced the same string cite of cases with minimal analysis that he submitted in his first declaration. *Compare* Liebowitz Supp. Decl. ¶ 5 *with* Liebowitz Decl. ¶ 20.[5] Nonetheless, other courts in this District have determined that $350 is a reasonable hourly rate for Liebowitz in similar copyright actions (as has this Court in a prior inquest). *See, e.g., Jerstad v. New York Vintners LLC,* No. 18-CV-10470 (JGK) (OTW), 2019 WL 6769431, at *5 (S.D.N.Y. Dec. 12, 2019), *adopted by* 2020 WL 58237 (Jan. 6, 2020); *Whitehead*, 2019 WL 384446 at *5; *Myress*, 2018 WL 596124, at *5; *Romanowicz*, 2018 WL 4762980, at *7 (collecting cases). Therefore, I recommend approving a rate of $350 per hour for Liebowitz in this case.

Liebowitz submits time records with sufficient details including dates, description of the services rendered, and hours expended. Liebowitz Decl. ¶ 20 ("Statement of Fees"). However, the number of hours spent on certain tasks such as preparing the complaint, which is less than four pages long, and the motion for default judgment is unreasonable.

---

[5] He also noted that his hourly rate of $425 per hour in 2019 has been approved in two cases. Liebowitz Supp. Decl. ¶ 4. However, such approval was done summarily and with no analysis.

As other courts within this Circuit have noted, plaintiff's counsel has a "preceding reputation during his short legal tenure" of "bring[ing] complaint after complaint in court after court alleging minute copyright infringement claims to which, given the rather muted stakes involved, defendants often fail to respond." *Roser*, 2020 WL 360815, at *5 (citing *Stridiron v. Cmty. Broads.*, LLC, No. 5:19-CV-108, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019), *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019)). This "legal strategy" involves the filing of "serial and nearly identical complaints." *Roser*, 2020 WL 360815 at *5. By Liebowitz's own admission, he "personally filed over 700 copyright infringement suits in S.D.N.Y. and E.D.N.Y." between January 2016 and November 2018, Liebowitz Decl. ¶ 19, a figure that has now grown to well over 1,000 cases. *See Lee v. W Architecture & Landscape Architecture*, LLC, No. 18-CV-5820 (PKC) (CLP), 2019 WL 2272757, at *3 (E.D.N.Y. May 28, 2019). Within this context, several courts, including this Court, have noted a pattern of filings that appear to be recycled from other similar cases. *See, e.g.*, *Roser*, 2020 WL 360815, at *5; *Mantel*, 2019 WL 5257571, at *4, *Whitehead*, 2019 WL 384446, at *6. This case is no different, as the documents submitted by Liebowitz are strikingly similar to the submissions he has made in similar copyright infringement cases.[6] Such

---

[6] I have reviewed the underlying complaints and default judgment motions in the cases that Liebowitz cites in his supplemental declaration (at ¶ 4) and in case number 18-CV-9079, the number incorrectly listed in the caption of the Liebowitz Declaration in this case. *See* Liebowitz Decl. at 1; *Hirsch v. The Dishh, LLC*, No. 18-CV-9079 (LGS) (S.D.N.Y.) (Dkt. No. 13). The documents in each case are nearly identical. *See id.; Camody v. DML News & Entertainment, Inc.*, No. 18-CV-4893

15

similarities "make it clear that minimal work and brain power went into this matter." *Romanowicz*, 2018 WL 4762980, at *7.

Additionally, the documents submitted by plaintiff's counsel include a number of inconsistencies and careless mistakes. As stated above, for example, the Liebowitz declaration mistakenly requests two different amounts in both fees and costs, and plaintiff's counsel failed to update the case number in the caption in his original declaration. The Liebowitz declaration also cites to a different article on a different website than what is alleged in the complaint. *Compare* Liebowitz Decl. ¶ 4 *with* Compl. ¶ 10. Thus, I find that the total number of hours billed for the tasks completed in preparing the complaint (3 hours) and the motion for default judgment (3.5 hours) should be reduced to 1 hour each. *See, e.g., Whitehead*, 2019 WL 384446, at *6 (reducing total number of hours billed in preparing complaint and motion for default judgment to 1.5 hours each in similar copyright case). Accordingly, I recommend awarding a total of $2,625 in attorney's fees for 7.5 hours—rather than 12 hours—at an hourly rate of $350.

Sadowski also seeks costs in the amount of $517, including $400 for filing the case, $55 for service of the complaint, and $62 for service of default papers. Liebowitz Decl. ¶ 20 ("Costs"); Liebowitz Supp. Decl. ¶ 6. Under the Copyright Act, a court, "in its discretion," may "order a copyright litigant to pay an adversary's court costs." *Johnson v. Magnolia Pictures LLC*, No. 18-CV-9337 (VB), 2019 WL

---

(WFK) (SJB) (E.D.N.Y.) (Dkt. Nos. 1, 15); *Lanzilote v. The Tempest Media, Inc.,* No. 19-CV-477 (JGK) (S.D.N.Y.) (Dkt. Nos. 1, 14).

4412483, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting 17 U.S.C. § 505) (internal quotation marks omitted). Sadowski provides documentation to substantiate these costs, including a credit card statement for the complaint filing fee and invoices for service of the complaint and default papers. Dkt. No. 36-2 (Exh. B). The Court therefore recommends awarding costs in the amount sought of $517.

### III. CONCLUSION

For the reasons stated herein, I recommend that the court award (1) statutory damages in the amount of $25,000; (2) attorney's fees in the amount of $2,625; and (3) $517 in costs.

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file any written objections. *See* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  March 10, 2019
       New York, New York

                                              JAMES L. COTT
                                              United States Magistrate Judge