UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                      Plaintiff,<br><br>        - against -<br><br>RENDER MEDIA INC.,<br><br>                      Defendant. | **ORDER**<br><br>17 Civ. 9045 (PGG) (JLC) |

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Christopher Sadowski has sued Defendant Render Media Inc. for copyright infringement.  (Cmplt. (Dkt. No. 1))  This Court entered an Order of Default against Defendant (Dkt. No. 33) and referred this case to Magistrate Judge James L. Cott for an inquest on damages.  (Dkt. No. 34)  Judge Cott has issued a Report & Recommendation ("R&R") in which he recommends that Plaintiff be awarded (1) $25,000 in statutory damages; (2) $2,625 in attorney's fees; and (3) $517 in costs.  (R&R (Dkt. No. 37) at 1)  For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND[1]

**I.     FACTS**

        Plaintiff is a New Jersey-based professional photographer who "licens[es] his

---

[1] The parties have not objected to Judge Cott's factual recitation.  Accordingly, his factual account is adopted in full.  See Silverman v. 3D Total Sols., Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . .").  Given Defendant's default, these facts are assumed to be true.  See Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

photographs to online and print media for a fee[.]" (Cmplt. (Dkt. No. 1) ¶ 5) Defendant – the owner and operator of a website – is a foreign business corporation "organized and existing under the laws of" California, with its principal place of business in Los Angeles. (Id. ¶ 6).

Plaintiff photographed a crime scene and is "the sole owner of all right, title and interest in" the photograph of the crime scene (the "Photograph") and its copyright. (Id. ¶¶ 7-8, Ex. A) Plaintiff has registered the Photograph with the United States Copyright Office and received a Copyright Registration Number for the Photograph. (Id. ¶ 9) Without Plaintiff's permission or consent, and without licensing the Photograph, Defendant "ran an article" on its website "prominently featur[ing]" the Photograph. (Id. ¶¶ 10-11, Ex. B)[2]

## II.   PROCEDURAL HISTORY

The Complaint was filed on November 20, 2017; Defendant was served on December 1, 2017; and proof of service was filed on March 26, 2018. (Dkt. Nos. 1, 18). Defendant did not answer or otherwise respond to the Complaint. Accordingly, on March 26, 2018, Plaintiff moved for a default judgment. (Dkt. No. 19) On December 4, 2018, Plaintiff obtained a certificate of default from the Clerk of Court. (Dkt. No. 22) Since that time, Defendant has not responded to the Complaint or otherwise appeared in this action.[3]

On December 6, 2018, this Court ordered Defendant to show cause at a January 7, 2019 hearing why a default judgment should not be entered. (Dkt. No. 23) That hearing was adjourned to January 24, 2019. (Dkt. No. 27) Defendant did not appear on January 24, 2019 (see Dkt. No. 33), despite being served with the order scheduling the hearing and the subsequent

---

[2]  The Complaint refers to "Exhibit C" as a "true and correct copy of the article [posted to Defendant's website]." No Exhibit C is attached to the Complaint, however. Exhibit B consists of an article and accompanying photograph. (Compare Cmplt. (Dkt. No. 1) ¶ 10 with Ex. B)
[3]  The R&R recounts the parties' attempt to settle the matter, this Court's conditional dismissal, and the ultimate re-opening of the case. (R&R (Dkt. No. 37) at 2-3)

order rescheduling the hearing (see Dkt. Nos. 26, 28-29). Accordingly, on February 20, 2019, this Court issued an Order of Default against Defendant (Dkt. No. 33). On November 7, 2019, this Court referred the case to Judge Cott for an inquest on damages. (Dkt. No. 34) Although Judge Cott invited Defendant to submit briefing concerning damages (Dkt. No. 35), Defendant made no submission.

On March 10, 2020, Judge Cott issued an 18-page R&R recommending that Plaintiff be awarded (1) $25,000 in statutory damages for copyright infringement, (2) $2,625 in attorney's fees, and (3) $517 in costs. (R&R (Dkt. No. 37) at 1) In his R&R, Judge Cott notifies the parties that they have 14 days to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 17) The R&R states that a "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted)) Neither side has objected to the R&R.

## DISCUSSION

**I.      LEGAL STANDARDS**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P

3

& C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error – let alone clear error – in Judge Cott's findings.

## II.   ANALYSIS

### A.   Liability

As Judge Cott notes in the R&R, "[a] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." (R&R (Dkt. No. 37) at 4 (quoting Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995) (citation omitted))); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009) ("[A] court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability[.]") However, as Judge Cott notes, "a defendant's liability depends on whether 'allegations [in a complaint] are sufficient to state a cause of action[.]'" (R&R (Dkt. No. 37) at 5-6 (quoting Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013)))

Here, Defendant, "by virtue of its default, has conceded liability as to the allegations set forth in the complaint, which adequately pleaded a valid cause of action." (Id. at 5 (citing Taizhou, 509 F. App'x at 56)) This is so because Plaintiff has pleaded facts showing "'both ownership of a valid copyright and copying' of a protected work without authorization." (Id. at 6 (quoting Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l, Inc., 668 F.2d 699, 702

4

(2d Cir. 1982))) Plaintiff has adequately alleged ownership of a valid copyright in the Photograph and Defendant's impermissible use of the Photograph.[4] (See Cmplt. (Dkt. No. 1); see also R&R (Dkt. No. 37) at 5-6) As such, Judge Cott correctly concludes that liability is established in this case.

### B. Damages

As to damages, Judge Cott recognizes that "[w]hile a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." (R&R (Dkt. No. 37) at 4 (quoting Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015))) Rather, it is the court's responsibility to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." (Id. at 4-5 (quoting Am. Jewish Comm. v. Berman, No. 15-CV-5982 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016) (citation omitted), adopted by 2016 WL 4532201 (Aug. 29, 2016)))

"Under Section 504 of the Copyright Act, a copyright owner is entitled either to actual damages caused by an infringement . . . or statutory damages." (Id. at 6-7 (citing 17 U.S.C. § 504(a))) "A copyright owner may elect to recover an award for statutory damages instead of actual damages in the amount 'of not less than $750 or more than $30,000 as the court considers just.'" (Id. at 7 (quoting 17 U.S.C. § 504(c)(1))) A court has "wide discretion in setting the amount of statutory damages." (Id. (quoting Myeress v. Elite Travel Grp. USA, No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (internal citation and quotation marks omitted)))

Here, Plaintiff "seeks $30,000 in statutory damages under 17 U.S.C. § 504(c)(1)."

---

[4] The copyright registration number referenced in the Complaint is listed in the U.S. Copyright Office's Public Catalog. (R&R (Dkt. No. 37) at 6 n.1)

(Id. at 8 (citing Dkt. No. 30 (Liebowitz Decl.) ¶ 13); see also Liebowitz Decl. ¶ 11)

As the R&R notes, courts consider the following factors in determining the appropriate amount of statutory damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

(R&R (Dkt. No. 37) at 8 (quoting Myeress, 2018 WL 5961424, at *3) (citation omitted)))

Judge Cott weighed these factors and concludes that $25,000 in statutory damages is appropriate. Given Defendant's default, factors two, three, and five cannot be ascertained (id.), but inferences concerning factors one, four, and six can be drawn. (Id.). In particular, factor four – the need for deterrence – "warrants a significant award." (Id. at 9 (citing (CJ Prods. LLC v. Your Store Online LLC, No. 11-CV-9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), adopted by 2012 WL 4714820 (Oct. 3, 2012))) Judge Cott concludes, however, that the $30,000 sought by Plaintiff is not warranted, distinguishing cases in which, unlike here, "the defendant continued its infringing conduct despite receiving notices to end such activity." (Id. at 9; see also id. at 10). This Court finds no error in Judge Cott's analysis. Accordingly, this Court will adopt his recommendation and award Plaintiff $25,000 in statutory damages.

As to an award of attorney's fees and costs, Plaintiff seeks $4,550 in attorney's fees and $517 in costs pursuant to 17 U.S.C. § 505. (Id. at 13) "A prevailing party in a copyright infringement action may recover full costs, including reasonable attorney's fees." (Id. at 10 (citing 17 U.S.C. § 505)) In determining an award of attorney's fees under 17 U.S.C. § 505, "district courts may consider such factors as (1) the frivolousness of the non-prevailing

party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." (Id. at 11 (quoting Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010)))

Judge Cott considers these factors, noting that "courts have found that compensation, including attorney's fees and costs, are appropriate where a defendant has defaulted." (Id. at 12 (citing McCurry v. Accessory Network Grp., LLC, No. 15-CV-9779 (PGG) (KNF), 2016 WL 11620045, at *6 (S.D.N.Y. Oct. 5, 2016), adopted by 2019 WL 4142491 (Aug. 30, 2019))) "[A]warding attorney's fees . . . further serve[s] the goal of deterrence[.]" (Id. at 13) Judge Cott recommends that attorney's fees be awarded at a rate of $350 per hour. This Court finds no error in his analysis. (See id. at 14 ("[C]ourts in this District have determined that $350 is a reasonable hourly rate for Leibowitz in similar copyright actions[.]" (collecting cases)))

Judge Cott finds that Plaintiff's counsel seeks compensation for an unreasonable number of hours, and recommends "that the total number of hours billed for the tasks completed in preparing the complaint (3 hours) and the motion for default judgment (3.5 hours) . . . be reduced to 1 hour each." (Id. at 16) Judge Cott's analysis yields "a total of $2,625 in attorney's fees for 7.5 hours – rather than 12 hours – at an hourly rate of $350." (Id.) This Court see no error in Judge Cott's analysis and adopts his recommendation.

Finally, as it is within a court's discretion to "order a copyright litigant to pay an adversary's court costs," (id. (quoting Johnson v. Magnolia Pictures LLC, No. 18-CV-9337 (VB), 2019 WL 4412483, at *4 (S.D.N.Y. Sept. 16, 2019) (citation omitted))), and as this Court sees no error in Judge Cott's analysis of costs, this Court adopts the R&R's recommendation that Plaintiff be awarded $517 in costs. (Id. at 16-17).

## **CONCLUSION**

For the reasons stated above, Judge Cott's R&R is adopted in its entirety.

Plaintiff is awarded $25,000 in statutory damages, $2,625 in attorney's fees, and $517 in costs.

The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
October 8, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge